WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-01016-001-TUC-JGZ (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Patrick John Rope, | |
| Defendant. | |

Pending before the Court is Defendant Patrick Rope's Motion for Disclosure-Amended. (Doc. 59.)  Defendant requests that the Court order release of the PSR of his co-defendant, Justine Rios-Bratton.  According to Rope, Rios-Bratton minimized her involvement in alien smuggling and tried to blame Rope for causing her to smuggle the aliens she was charged with.  In support, Rope points to Rios-Bratton's sentencing objection. (Doc. 55.)  Rope asserts that "[b]ecause Rios-Bratton's distorted version of the facts may negatively impact Mr. Rope's sentencing," counsel requests release of her PSR in cases 20-961 and 20-962.

The Government does not oppose the request per se, but states that it was unable to identify information in Rios-Bratton's PSR that is not already publicly available to Rope.  (Doc. 60.)  The government requests that the Court conduct an in camera review of Rios-Bratton's PSR to determine whether further disclosure is warranted.

The Court will grant the request for review of Rios-Bratton's PSR to determine whether it contains any disclosable information, but deny the request that it order

disclosure of the report.  After review, the Court concludes that the PSR does not include any information that is not already available to Rope.  The Court notes that the PSRs in each of the Defendants' cases contain identical descriptions of the Offense Conduct, including Rios-Bratton's post-arrest statements and the statement that "Rope was aware that she smuggled aliens and encouraged her to do it for the money."  (See Doc. 53, ¶¶ 4-7; Doc. 62, ¶¶ 9-12.)  Rios-Bratton's sentencing objection (doc. 55) contains allegations of sexual assault by Rope.  These same allegations are included in Defendant Rope's PSR.  (See Doc. 53, ¶¶ 25, 55.)  Any additional statements by Rios-Bratton in her PSR are included and amplified in her sentencing objection. (Doc. 55.)  Accordingly,

IT IS ORDERED that the Motion for Disclosure-Amended (Doc. 59) is DENIED.

Dated this 16th day of December, 2020.

Honorable Jennifer G. Zipps
United States District Judge